**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISON**

| | |
|---|---|
| ASPIRE RESOURCES INC. and IOWA STUDENT LOAN LIQUIDITY CORPORATION,<br><br>          Claimants,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI ("MOHELA"),<br><br>          Respondent. | CASE NO. 4:22-mc-770<br><br><br>**APPLICATION TO CONFIRM ARBITRATION AWARD** |

Claimants Aspire Resources Inc. ("Aspire") and Iowa Student Loan Liquidity Corporation ("Iowa Student Loan") (collectively, "Claimants"), pursuant to 9 U.S.C. § 9, hereby apply to the Court for confirmation of the arbitration award entered by the American Arbitration Association against Respondent Higher Education Loan Authority of the State of Missouri ("MOHELA"), and in support, state as follows:

**PARTIES**

1.    Claimant Iowa Student Loan is an Iowa nonprofit corporation located in West Des Moines, Iowa.  Iowa Student Loan was established in 1979 by a proclamation of Iowa Governor Robert Ray to serve as the state's designated entity to participate in the federal guaranteed loan program under the Higher Education Act.  Iowa Student Loan offers private student loans for students and families in Iowa, provides scholarships and educational programs for Iowa families, and reinvests funds in programs to benefit Iowa students and borrowers.

2.    Claimant Aspire is an Iowa corporation located in West Des Moines, Iowa.  Aspire is a wholly owned subsidiary of Iowa Student Loan whose purpose is to perform functions not

specifically included in Iowa Student Loan's original tax-exempt status.  Aspire disburses private student loans on behalf of its partnering lenders, transmits student loan data among postsecondary institutions and lenders, and provides customer service for lenders and borrowers with federal and private student loans.

3.      Respondent MOHELA is a "public instrumentality" and "body politic and corporate" of the state of Missouri with its headquarters located in Chesterfield, Missouri. MOHELA was established by the General Assembly of the State of Missouri in 1981 pursuant to RSMo. § 173.360 "[i]n order to assure that all eligible postsecondary education students have access to student loans…."

## JURISDICTION

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Claimants and MOHELA are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has authority to hear this matter pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.

## VENUE

6.      Venue is proper in this Court pursuant to 9 U.S.C. § 9 because the parties' arbitration agreement provides that judgment may be entered on an arbitration award in the United States Court for the Eastern District of Missouri, and MOHELA is located in the Eastern Division of this Court.

## FACTUAL BACKGROUND

7.      In 2010, Congress passed the Health Care and Education Reconciliation Act of 2010 (Public Law 111-152)[1].  Section 2212 of that act directed the Secretary of the Department of Education to award federal direct loan servicing contracts to nonprofit servicers that met certain criteria and to allocate at least 100,000 borrower accounts to each qualifying nonprofit servicer.

8.      Iowa Student Loan and Aspire both qualified as eligible nonprofit servicers and received allocations of borrower accounts.

9.      MOHELA also entered into a contract with the Department of Education and received an allocation of accounts (the "MOHELA Contract").

10.     The MOHELA Contract has been extended multiple times by the Department of Education.

11.     The Department of Education allows eligible nonprofit servicers who received an allocation of borrower accounts to enter into "teaming arrangements" with other eligible nonprofit servicers pursuant to which the allocated accounts of one entity (the "subcontractor") were transferred to the other entity (the "prime contractor") for servicing.

12.     Aspire entered into such a teaming arrangement with Iowa Student Loan and other eligible nonprofit servicers resulting in Aspire being the prime contractor responsible for servicing approximately 500,000 direct loan borrower accounts.

13.     Aspire subsequently decided to get out of the direct loan servicing business. Accordingly, on June 11, 2015, Aspire and Iowa Student Loan each entered into an Agreement for Teaming Arrangement with MOHELA (the "Teaming Agreements").  Copies of those Teaming Agreements are attached as Exhibit 1 and 2 to the accompanying Memorandum.[2]

---

[1] Available at PUBL152.PS (congress.gov)

14.     Pursuant to the Teaming Agreements, Aspire and Iowa Student Loan consented to the transfer of the 500,000 accounts to MOHELA in exchange for payment of certain fees, including an initial conversion fee to Aspire and monthly servicing fees to Aspire and Iowa Student Loan consisting of 10% of the servicing fees derived from Aspire and Iowa Student Loan's allocated accounts.  Exhibit 1 at ¶¶ 3-5; Exhibit 2 at ¶¶ 3-5.  The Teaming Agreements stated that they would remain in effect "as long as MOHELA is receiving any Contract Servicing Fees pursuant to the MOHELA Contract, including any renewal, amendments or modifications thereof."  Exhibit 1 at ¶ 6; Exhibit 2 at ¶ 6.

15.     The Teaming Agreements also contained an arbitration clause providing as follows:

> Arbitration.  All controversies and claims arising under or relating to this Agreement shall be resolved by arbitration.   The arbitration shall be administered by the American Arbitration Association and is to be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association.  The arbitration shall be held before a panel of three arbitrators, each of whom shall be independent of the parties. No later than 15 days after the arbitration begins, each party shall select an arbitrator and request the two selected arbitrators to select a third neural arbitrator. The arbitration shall be conducted in St. Louis County, Missouri. The arbitrators are to apply Missouri law, without regard to its choice of laws principles.  The arbitrators may award costs and attorneys fees to either party.   The arbitrators' award shall be final and binding upon the parties, unless vacated or modified upon motion to a court of competent jurisdiction, and judgment may be entered on the award by the Circuit Court for St. Louis County, Missouri or the United States District Court for the Eastern District of Missouri, or such other court as may have jurisdiction over the parties and the subject matter.  Each party consents to the jurisdiction of the Circuit Court for St. Louis County and the United States District Court for the Eastern District of Missouri for purposes of any proceedings to confirm, vacate, modify or amend the award.

Exhibit 1 at ¶ 21; Exhibit 2 at ¶ 21.

16.     MOHELA paid Aspire and Iowa Student Loan the servicing fees owed under the Teaming Agreements beginning in August 2015 and continuing for several years.

---

[2] Commercially-sensitive information from the Teaming Agreements has been redacted.

4

17.     However, after March 30, 2020, a dispute arose and MOHELA quit paying servicing fees to Aspire and Iowa Student Loan despite the fact that MOHELA was still servicing the Aspire and Iowa Student Loan accounts pursuant to the terms of the MOHELA Contract and was still receiving fees for doing so.

18.     On July 24, 2020, Aspire filed a Demand for Arbitration with the American Arbitration Association asserting a breach of contract claim against MOHELA.  The Demand was subsequently amended on August 5, 2020, to request additional forms of relief, and again on August 17, 2020, to add Iowa Student Loan as a co-claimant.

19.     MOHELA answered the demand, denied Claimants' claims, and raised a number of affirmative defenses.

20.     The arbitration proceeded to an evidentiary hearing held in St. Louis, Missouri on July 21, 2021, before a three-arbitrator panel selected in accordance with the arbitration agreement.

21.     On September 10, 2021, the arbitration panel entered its award.  A copy of the award is attached as Exhibit 3 to the accompanying Memorandum.  The panel concluded that MOHELA breached the Teaming Agreements with Aspire and Iowa Student Loan by failing to pay servicing fees after March 30, 2020.  *Id.* at 14-15.  The panel ordered MOHELA to pay $487,138.87 for serving fees owed through February 2021; ordered MOHELA to pay all servicing fees owed between February 2021 and the date of the award; and ordered MOHELA to specifically perform the Teaming Agreements going forward by paying Aspire and Iowa Student Loan the servicing fees required by the Teaming Agreements.  *Id.* at 15-16.  The panel also ordered MOHELA to reimburse Aspire and Iowa Student Loan $41,937.28 in arbitration fees and expense. *Id.* at 16.

22.     At the time of this filing, MOHELA has complied with the panel's award and paid Claimants all fees and costs owed to date.

## CONFIRMATION OF AWARD

23.     Section 9 of the FAA authorizes a party to an arbitration proceeding to apply, within one year after the arbitration award is made, to the district court for entry of judgment confirming the award.  9 U.S.C. § 9.

24.     The statute further provides that the Court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  *Id.*

25.     Sections 10 and 11 of the FAA authorize the Court, upon motion of a party, to vacate, modify, or correct an award under limited circumstances.  9 U.S.C. §§ 10, 11.  However, such a motion must be filed within 90 days of the award.  9 U.S.C. §§ 12.

26.     MOHELA did not file a motion to vacate, modify, or correct the award and the 90-day deadline for doing so has long expired.

27.     Claimants filed this Application within one year of the September 10, 2021 arbitration award.

28.     Pursuant to 9 U.S.C. § 9, the Court "must" grant an order confirming the award.

WHEREFORE, for the reasons stated above and good cause shown, Claimants Aspire Resources Inc. and Iowa Student Loan Liquidity Corporation pray that the Court enter an order confirming the arbitration award and entering judgment thereon, and granting such other and further relief as the Court deems just and proper.

/s/ Poston E. Pritchett
Poston E. Pritchett (#72303MO)
Shook Hardy & Bacon, LLP
2555 Grand Blvd
Kansas City, MO 64108
(816) 474-6550
(816) 421-5547 (fax)
ppritchett@shb.com


Jason M. Craig (AT0001707)
(*PHV forthcoming*)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
Email: jcraig@ahlerslaw.com

ATTORNEYS FOR CLAIMANTS ASPIRE
RESOURCES INC. AND IOWA STUDENT
LOAN LIQUIDITY CORPORATION


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 8, 2022, the foregoing Application to Confirm

Arbitration Award was served upon MOHELA's counsel of record via (1) U.S. mail, (2) email,

and (3) the CM-ECF system, at the following address:

Matthew D. Guletz
THOMPSON COBURN LLP
One U.S. Bank Plaza
Suite 2700
St. Louis, MO 63101
mguletz@thompsoncoburn.com


/s/ Poston E. Pritchett

.

4855-6074-9618

7